UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

v.   Case Nos.:   3:09cr33/MCR/CJK
                  3:16cv256/MCR/CJK

PHILLIP LEE SYLVESTER
_____/

## REPORT AND RECOMMENDATION

Defendant Phillip Lee Sylvester has moved for relief from his federal sentence by filing a "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence." (ECF No. 42). The Government filed a motion to dismiss and response in opposition (ECF No. 44) and Defendant did not file a reply, despite having been afforded time in which to do so. (ECF No. 43). The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. See N.D. Fla. Loc. R. 72.2; see also 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b). The court recommends that the § 2255 motion be denied without an evidentiary hearing. See Rules Governing Section 2255 Cases 8(a) and (b).

PROCEDURAL BACKGROUND

On March 17, 2009, a grand jury charged Phillip Lee Sylvester in a five-count indictment with five counts of distributing cocaine base, commonly known as crack cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(B)(iii) and (b)(1)(C). (ECF No. 3.) The charges stemmed from sales made on five separate dates, only one of which involved five grams or more of the controlled substance. The remaining four counts involved less than five grams. After Defendant's arrest in August of 2009, the Office of the Federal Public Defender was appointed to represent him.

On August 5, 2009, the Government filed a notice of enhancement information. (ECF No. 15.) The Government identified two prior felony controlled substance convictions and indicated its intent to seek increased penalties because of these convictions pursuant to 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii) and (b)(1)(C). On August 28, 2009, Defendant entered a plea of guilty to all five charges in the indictment pursuant to a written plea agreement and statement of facts. (ECF Nos. 21, 22.)

The Presentence Investigation assessed Defendant's total offense level at 23 before the Chapter Four Enhancement. (ECF No. 34, PSR ¶¶ 22-29.) Defendant

Case Nos.: 3:09cr33/MCR/CJK; 3:16cv256/MCR/CJK

was classified as a career offender pursuant to § 4B1.1 of the Sentencing Guidelines because of the two felony controlled substance convictions listed in the Government's Enhancement Information. (PSR ¶ 30.) With 21 criminal history points, Defendant's criminal history category was VI. (*Id.* at ¶¶ 52-62.) The applicable guidelines range was 262 to 327 months imprisonment. (*Id*. at ¶ 100.)

At sentencing, the court determined that the applicable guidelines range was 188 to 235 months due to a reduction in Defendant's total offense level from 34 to 31 based on an anticipated revision in the guidelines. (*See* ECF No. 33.) The court sentenced Defendant at the high end of this range to a term of 235 months' imprisonment. Judgment was entered on January 22, 2010. (ECF No. 32.) Defendant did not appeal. He filed two motions for sentence reduction pursuant to 18 U.S.C. § 3582 before filing the instant § 2255 motion. The motions were denied. (*See* ECF Nos. 37, 39, 41, 45.)

Defendant raises a single ground for relief in his § 2255 motion. He contends that he is entitled to resentencing because his sentence was rendered unconstitutional by the Supreme Court's decision in *Johnson v. United States*, 135

S. Ct. 2551 (2015). Defendant's motion is untimely and without merit, and it should be denied.

## ANALYSIS

Title 28 U.S.C. § 2255(f) imposes a one-year time limitation on the filing of motions under this section. Relevant to the instant motion, the one-year period runs from the latest of: the date on which the judgment of conviction becomes final; or the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. § 2255(f)(1) and (3). The judgment in Defendant's case became final on February 5, 2010 when the time for filing an appeal expired. Therefore, the one-year limitations period expired on February 7, 2011. Defendant's motion dated June 2, 2016 is facially untimely.

Defendant asserts that his motion is timely because it was filed within one year of the Supreme Court's June 26, 2015, decision in *Johnson v. United States*, a case the Court held to be retroactive on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson,* the Supreme Court invalidated the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(b)(ii),

Case Nos.: 3:09cr33/MCR/CJK; 3:16cv256/MCR/CJK

finding that the provision was unconstitutionally vague. This holding is irrelevant to Defendant's case. Defendant's sentence was not enhanced based on prior convictions for "crimes of violence," but for controlled substance offenses. His sentence was not enhanced under the ACCA, but rather pursuant to the sentencing guidelines. The *Johnson* decision has no impact on the definition of a "controlled substance offense" in the Career Offender guideline, U.S.S.G. § 4B1.1(A). Additionally, the Supreme Court later held that the Sentencing Guidelines are not subject to the same sort of void for vagueness challenge that guided its decision in *Johnson*. *See Beckles v. United States*, 137 S. Ct. 886 (2017). Defendant's § 2255 motion should be denied and dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2255 Proceedings provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2255 Cases.

Case Nos.: 3:09cr33/MCR/CJK; 3:16cv256/MCR/CJK

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Based on the foregoing, it is respectfully RECOMMENDED:

1. The Government's Motion to Dismiss (ECF No. 44) be GRANTED, and the Motion to Vacate, Set Aside, or Correct Sentence (ECF No. 42) be DENIED and DISMISSED.

2. A certificate of appealability be DENIED.

Case Nos.: 3:09cr33/MCR/CJK; 3:16cv256/MCR/CJK

At Pensacola, Florida, this 28th day of September, 2018.

*/s/* *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 3:09cr33/MCR/CJK; 3:16cv256/MCR/CJK