**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

UNITED STATES OF AMERICA,

v.

PHILLIP LEE SYLVESTER

Case Number: 3:09-CR-33-MCR

## **ORDER OF DETENTION**

The Defendant appeared before this Court for a probable cause and detention hearing on Monday, October 20, 2025, pending a hearing to revoke Defendant's supervised release. The Government moved for detention pursuant to Federal Rule of Criminal Procedure 32.1(a)(6), which incorporates 18 U.S.C. § 3143(a)(1). Section 3143(a)(1) provides that the Defendant shall be detained unless the Court finds "by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any person or the community if released under 3142(b) or (c)." Additionally, Rule 32.1(a)(6) makes clear that "the burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the [Defendant]."

After considering the evidence proffered by the Defendant, and the evidence proffered by the Government, the Court finds Defendant is subject to supervised release pursuant to a Judgment in a Criminal Case, there is probable cause Defendant has violated the terms and conditions of the supervised release, and Defendant has not established by clear and convincing evidence he is not a danger to the community for the reasons stated on the record, including the following:

In 2009, Defendant pled guilty to five counts of distribution of cocaine base, one of which involved five grams or more of the controlled substance. Doc. 20. Subsequently, the Court sentenced Defendant to a term of 235 months' imprisonment, followed by eight years of supervised release. Doc. 32. In 2020, the Court reduced the sentence under the First Step Act to 200 months, followed by a term of supervised release of six years. Doc. 59. Defendant began his initial period of supervised release on February 16, 2023.

On September 17, 2024 a petition was filed against Defendant alleging he violated the terms and conditions of the supervised release by engaging in three new law violations (possession of marijuana, driving with license suspended or revoked, and battery), testing positive for controlled substances, and failing to report law enforcement contact to the probation office. Doc. 62.

According to the offense report for the battery charge, a witness reported Defendant was seen hitting the victim and the two leaving in a Lexus. When law enforcement located the vehicle, the Defendant was outside the vehicle screaming and cursing and the deputy observed blood smeared on the passenger side. A female was in the back seat and the officer observed injuries to her left arm and cuts around her body as well as blood covering her clothes. The victim told the officer she and the Defendant got into a physical altercation and she remembers being attacked by the Defendant and then blacking out.

On September 30, 2024, Defendant pled no contest to the new law violations and the circuit court sentenced defendant to 11 months and 29 days of probation, to include a prohibition that Defendant have contact with the victim.

On January 28, 2025, this Court found Defendant guilty of violating the terms and conditions of his supervised release and sentenced Defendant to time served since August 27, 2024. The Court also sentenced Defendant to supervised release for the balance of the original 6-year term, which is set to expire on February 15, 2029. Doc. 75.

Defendant, thus, began his second period of supervised release on January 27, 2025. On August 1, 2025, a petition was filed against Defendant because he was arrested for felony battery, and Defendant tested positive for controlled substances on February 12, 2025. Doc. 76.

According to the offense report for the felony battery charge, on July 27, 2025 a sheriff's deputy was flagged down by two witnesses who had observed Defendant strike a female victim several times before wrapping a shirt around her neck, striking her again, and forcing her into an SUV. When officers located the Defendant and the victim, the victim initially denied any physical contact, but once the two were separated, admitted to the deputy that Defendant struck her several times on her head, leading her to jump out of the vehicle, at which point Defendant chased the victim and forced her back into the vehicle. The victim is Defendant's wife and is the same victim that was involved in the battery charge from 2024.

3:09-cr-33-MCR

Although the State chose not to prosecute Defendant for the felony battery charge, Defendant pled guilty to violating the "no contact" order that was part of the State probation and was sentenced to time served.

After considering the evidence presented and counsel's argument, the undersigned finds that Defendant has not produced clear and convincing evidence that he will not be a danger to another person, namely the victim, if he is released. First, the Court finds the two instances of domestic violence against his wife to be disturbing to say the least. *See U.S. v. Quartermaine*, 913 F.2d 910, 917 (11th Cir. 1990) (rejecting defendant's suggestion that acts of domestic violence do not support a finding of danger to the community because "[a] willingness to strike loved ones offers probative evidence of a tendency to violence and dangerousness toward others"). In both instances, Defendant was seen striking the victim several times, pushing her into his vehicle, and law enforcement observed physical injuries on the victim.[1]

Second, this is the third time in two years Defendant has appeared before a court for violating the terms and conditions of a probation or supervised release and the violations at issue are serious, rather than technical violations. Third, not only was Defendant on state probation and federal supervision when he was witnessed assaulting the victim, but he was also getting substance abuse and mental health treatment. Thus, the Court is not convinced that continued treatment will keep additional violent behavior at bay. Finally, the Court finds it disconcerting that Defendant denied battering his wife to law enforcement in both incidents and recently denied using cocaine in February. Someone whose initial reaction is to deny wrongful conduct is more likely to engage in the conduct again.

The Defendant is therefore DETAINED pending a final adjudication on the petition to revoke supervised release.

Pursuant to 18 U.S.C. § 3142(h)(i), the Court directs that the Defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; directs that the Defendant be afforded a reasonable opportunity for private consultation with counsel; and, on order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant

---

[1] As stated in open court, regardless of whether the victim has drug problems or may be initiating contact with the Defendant, it is the Defendant who had the "no contact" order and who was on State probation and federal supervised release. Moreover, according to the offense report for the 2025 battery, it was the Defendant who pulled the victim inside the vehicle when she tried to leave.

3:09-cr-33-MCR

is confined deliver the Defendant to a United States marshal for the purpose of an appearance in connection with a court proceeding.

The Defendant is remanded into the custody of the United States Marshal.

Entered on October 20, 2025

*s/ Hope Thai Cannon*
HOPE THAI CANNON
UNITED STATES MAGISTRATE JUDGE